NORTH BRITISH & MERCANTILE INSURANCE COMPANY OF LONDON AND EDINBURGH V. WILLIAM G. BOHN ET AL.

FILED NOVEMBER 5, 1896.   No. 6897.

1. **Insurance:** OWNERSHIP: MISREPRESENTATIONS: RIGHTS OF MORT-GAGEE. A representation by two individuals that they were own-ers of the property sought to be insured, when in fact it was owned by a corporation, of the capital stock of which they were the sole proprietors, *held,* not such a misrepresentation as avoided the right of a mortgagee to assert its rights under a "union mort-gage clause" attached by the insurer to the policy, the mortgagee having no knowledge of, or participation in, the said misrepresen-tation.

2. ———: ———: ———: EVIDENCE. Under the circumstances above stated, it was not prejudicial error to refuse to permit the plaintiff in error to show the insolvency of the corporation grantee at the time either of the insurance affected or of the loss suffered.

ERROR from the district court of Douglas county. Tried below before SCOTT, J.

*A. S. Churchill* and *George A. Day,* for plaintiff in error.

*Charles Offutt, James B. Meikle,* and *Byron G. Burbank,* contra.

RYAN, C.

In *Hanover Fire Ins. Co. v. Bohn,* 48 Neb., 743, the facts involved in this case were stated, with the exceptions that the amount and exact date of insurance and the name of the insurer and its agent are not identical. These are,

however, unimportant, for upon these slight differences no claim of rights is predicated by the plaintiff in error in this case.    There are urged certain arguments, which, it is asserted, were not involved in *Hanover Fire Ins. Co. v. Bohn, supra,* and we shall content ourselves with reviewing these, without a restatement of all the facts involved. It is urged that as the original insurance was of the interest of Conrad and W. G. Bohn as sole owners, the subsequent transfer of the title by those parties to the Bohn Manufacturing Company operated to avoid the policy which formed the basis of this action.    It is not necessary to determine what might be the rights of Conrad and W. G. Bohn to sue as individuals upon said policy, for the judgment in this case was, by the district court, ordered paid to the National Life Insurance Company of Montpelier, Vermont,—a party impleaded as plaintiff with said Conrad and W. G. Bohn.    This company held a mortgage on the premises upon which stood the insured structures as security for the payment of the sum of $25,000, of which sum there still remains due more than $20,000.    When insurance was effected by Conrad and W. G. Bohn upon the property afterwards destroyed, the plaintiff in error, by attaching to the policy issued by it a separate mortgage slip, agreed that the loss, if any, should be paid to the mortgagee as its interest should appear.    This policy was for the sum of $1,500, which, so far as the proofs in this case show, was much less than the debt owed by Conrad and W. G. Bohn and secured by the aforesaid mortgage on the insured property.    The mortgagee was neither aware of nor party to any misrepresentation as to the title of the property insured made by Conrad and W. G. Bohn, hence its right to recover was unaffected thereby, as has already been shown by the authorities cited in *Syndicate Ins. Co. v. Bohn,* 12 U. S., C. C. A., 531,—another case which arose out of the same loss.

It is insisted that there was error in refusing to admit evidence of the insolvency of the Bohn Manufacturing

Company. In explanation of this contention it should be stated that the defendants in error urged that the transfer of Conrad and W. G. Bohn to the Bohn Manufacturing Company could not lessen the solicitude of the grantors for the preservation of the property conveyed, for the reason that the stock of the manufacturing company was held entirely by Conrad and W. G. Bohn. To avoid this inference of their solicitude remaining unimpaired by the conveyance, plaintiff in error sought and was refused permission to show the insolvency of the corporation, from which insolvency, it was claimed, it must result that whatever recovery should be had on account of loss by fire would first inure to the benefit of the creditors of the corporation. If the recovery in this case had been for the benefit of Conrad and W. G. Bohn, there would perhaps be force in this suggestion. The recovery was for the payment of the mortgage in accordance with the provisions of the "union mortgage slip;" hence, what might be the natural effect of a payment to the creditors of the Bohn Manufacturing Company instead of to Conrad and W. G. Bohn, is a matter of no practical importance in this case. In this connection it may properly be remarked that these same considerations render unavailing the complaint because of the refusal of the district court to permit proofs that upon the renewal of the policy a greater premium than was collected would have been exacted if the insurance company had been aware of the transfer of title. The jury found specially that the loss was total, and, therefore, the argument as to the failure to arbitrate and furnish an itemized appraisement of the property destroyed has no force.

We cannot review the instructions either asked or refused, for there were several in each of these two classes, and, in the motion for a new trial, each class was grouped for the purposes of criticism, and in each class there were instructions which afforded no ground for complaint. There is found no error in the record and the judgment of the district court is

AFFIRMED.